IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 24-cr-00247-NYW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    OSWALDO LOZADA-SOLIS,
2.    JESUS DANIEL LARA DEL TORO,
3.    JEAN FRANCO TORRES-ROMAN,
4.    EDWUIMAR NAZARETH COLINA-ROMERO, and
5.    DEREK ALEXANDER DUN-VARGAS

      Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter is before the Court on the Joint Unopposed Motion to Exclude 180 Days from the Speedy Trial Act, [Doc. 73], and the Motion for an Ends of Justice Continuance and to Exclude One Hundred and Eighty Days from the Speedy Trial Act, [Doc. 74] (collectively, the "Motions").[1] Defendants ask this Court for an order excluding 180 days from the Speedy Trial Act calculation. [Doc. 73 at 1; Doc. 74 at 1]. This is the second requested continuance of the trial date in this matter. *See also* [Doc. 42].

---

[1] The Motion docketed at [Doc. 73] was filed on February 27, 2025 by Defendants Oswaldo Lozada-Solis, Jesus Lara Del Toro, Jean Franco Torres-Roman, and Derek Alexander Dun-Vargas. [Doc. 73 at 1]. The Motion docketed at [Doc. 74] was filed on February 28, 2025 by Defendant Edwuimar Colina-Romero. [Doc. 74 at 1]. Ms. Colina-Romero explains that, at the time the other Defendants' Motion was filed, she was unable to take a position on the Motion, but after further review, she now joins in their request. [*Id.*]. Accordingly, all Defendants seek a 180-day continuance of the trial date in this matter.

Defendants' Motions are filed under the Speedy Trial Act of 1974 (the "Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time

2

      such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

On August 20, 2024, an Indictment was filed bringing the following charges: Mr. Lozada-Solis, Mr. Del Toro, and Mr. Torres-Roman were each charged with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and (2); and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2). [Doc. 11 at 1–2]. Mr. Colina-Romero was charged with one count of transportation of stolen goods, in violation of 18 U.S.C. § 2314 and 2, and one count of sale or receipt of stolen goods, in violation of 18 U.S.C. § 2315 and 2. [*Id.* at 2–

3

3]. This Court set a trial to begin October 7, 2024. See [Doc. 39]. These four Defendants then requested, and were granted, a 180-day continuance of the trial date and related deadlines, and the Court reset the trial to begin on April 11, 2025. [Doc. 42; Doc. 43]. Thereafter, a Superseding Indictment was filed charging Mr. Dun-Vargas with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and (2); and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2). [Doc. 63 at 1–2].[2]

Defendants now jointly requests that 180 days be excluded from the Speedy Trial Act calculation. *See* [Doc. 73; Doc. 74]. Defense counsel represent that the Government has produced a few batches of discovery in this case, comprising thousands of written pages and over 1,000 recorded phone calls. [Doc. 73 at 2]. They represent that the newest discovery disclosure contains information that could "significantly impact the sentencing range" for Defendants, such that "significant defense investigation" is required. [*Id.* at 3]. Counsel also explain that Defendants speak Spanish and visits with Defendants require interpretation services, which renders those visits time consuming. [*Id.*]. Counsel assert that additional time is necessary to fully investigate this case, advise their clients, and prepare for trial. [*Id.* at 4]; *see also* [Doc. 74 at 5]. The Government does not oppose the requested continuance. [Doc. 73 at 4; Doc. 74 at 5].

Based on the relevant record considered as a whole, including the voluminous nature of discovery, the complex nature of this case, and the need to conduct additional investigations, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially

---

[2] The charges for the other Defendants remained the same. *See* [Doc. 63].

allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1) The Joint Unopposed Motion to Exclude 180 Days from the Speedy Trial Act [Doc. 73] and the Motion for an Ends of Justice Continuance and to Exclude One Hundred and Eighty Days from the Speedy Trial Act [Doc. 74] are **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 180 days, from April 30, 2025 to October 27, 2025**;

(3) The current trial and Trial Preparation Conference dates are **VACATED**. The **five-day** jury trial is **RESET** for **October 20, 2025**. The Trial Preparation Conference is **RESET** for **October 17, 2025 at 10:00 a.m.**;

(4) All pretrial motions shall be filed on or before **September 5, 2025**, and responses to these motions shall be filed by **September 12, 2025**. If

5

      counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_Chambers@cod.uscourts.gov no later than **two business days after the motion is filed** to set such a hearing; and

(5)    The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 69] remain **SET**.

DATED: March 4, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge