IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-CR-00247-NYW

UNITED STATES OF AMERICA,

Plaintiff,

v.

2. JESUS DANIEL LARA DEL TORO,

Defendant.

---

**JESUS DANIEL LARA DEL TORO'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING WITHOUT A PLEA AGREEMENT**

---

Jesus Daniel Lara Del Toro, personally and by counsel, Benjamin R. LaBranche, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

**I. Plea of Guilty**

Mr. Lara Del Toro intends to plead guilty to Counts 1 and 2 of the Third Superseding Indictment, which charges him with violations of 18 U.S.C. §§ 1951(a), (b)(1), and 2, Hobbs Act robbery, and 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, brandishing a firearm in furtherance of a crime of violence.

**II. Elements of the Offense**

Mr. Lara Del Toro submits the elements of 18 U.S.C. §§ 1951(a), (b)(1), and 2 are as follows:

*First:* Mr. Lara Del Toro obtained property from another without that person's consent;



COURT EXHIBIT
1

*Second:* Mr. Lara Del Toro did so by wrongful use of actual or threatened force, violence, or fear; and

*Third:* as a result of Mr. Lara Del Toro's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree, and did aid and abet the same.

Mr. Lara Del Toro submits the elements of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 are as follows:

*First:* Mr. Lara Del Toro committed the crime of Hobbs Act robbery as charged in Count One of the Third Superseding Indictment, which is a crime of violence;

*Second:* Mr. Lara Del Toro knowingly used and brandished a firearm, and aided and abetted the same; and

*Third:* he did so during and in relation to the Hobbs Act Robbery.

**III. Statutory Penalties**

The maximum statutory penalty for a violation of 18 U.S.C. §§ 1951(a),(b)(1) and 2 is not more than twenty years of imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and, if applicable, restitution. A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

The maximum statutory penalty for a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 is not less than seven years and not more than life imprisonment, consecutive to any other sentence; not more than a $250,000 fine, or both; not more than five years of supervised release; a $100 special assessment fee; and, if applicable, restitution. A

violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

**IV. Collateral Consequences**

The conviction may cause the loss of civil rights, including, but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

If Mr. Lara Del Toro is an alien, the conviction may cause him to be deported and removed from the United States, denied future admission into the United States, and/or to be denied United States citizenship.

**V. Factual Basis to Support the Plea of Guilty**

Mr. Lara Del Toro admits to the following:

On June 24, 2024, Mr. Lara Del Toro and his co-defendants robbed the Joyeria El Ruby jewelry store in Denver, Colorado. Joyeria El Ruby operates within interstate commerce, accepting credit card payments from banks located outside the state of Colorado. The jewelry store was open, and multiple customers were inside the store at the time of the robbery.

Co-defendant Oswaldo Lozada-Solis entered Joyeria El Ruby first, at approximately 1:48 P.M. He entered the "man-trap" area of the store and was permitted to enter by store staff. Shortly after Mr. Lozada-Solis entered, Mr. Lara Del Toro, co-defendant Newman Castillo Del Gado, and a third young man, Alexis Vegas, entered the store and drew pistols. Everyone was ordered to the ground. Mr. Lara Del Toro and his co-defendants held the employees and customers at gunpoint, then jumped over the counters and began taking jewelry from display cases and wall-mounted jewelry racks.

Mr. Lara Del Toro remained in the front area of the store until he and his co-defendants eventually fled through the back door.

Five additional individuals entered the store from the back door. These individuals removed jewelry from the storage and repair areas. During the robbery, two of Mr. Lara Del Taro's co-defendants assaulted two victims by striking them in the head with their firearms. This occurred inside the employee office of Joyeria El Ruby. Mr. Lara Del Toro did not witness or participate in the assaults.

Mr. Lara Del Toro and his co-defendants exited through the back of the store, where two vehicles and one motorcycle waited to drive them away.

After the robbery, Mr. Lara Del Toro and multiple other participants in the robbery traveled to El Paso, Texas. Mr. Lara Del Toro stayed in a motel room in El Paso, Texas, with some of his co-defendants. Mr. Lara Del Toro and his co-defendants were arrested by federal agents during the execution of a search warrant of two motel rooms on June 27, 2024. During the search, law enforcement recovered some firearms that had been used in the robbery and a small amount of jewelry that was later determined to have been stolen from Joyeria El Ruby.

**VI. Sentencing Computation**

Mr. Lara Del Toro understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Lara Del Toro sets

forth below his estimate of the advisory guidelines range called for by the United States Sentencing Guidelines.

Mr. Lara Del Toro estimates the advisory guidelines apply as follows:

A. The applicable guideline is § 2B3.1

B. Pursuant to§ 2B3.1(a), the base offense level for Count 1 is **20.**

C. Pursuant to§ 2B3.1(b)(3)(A), there is a **2-level increase** for bodily injury.[1]

D. Pursuant to§ 2B3.1(b)(4)(B), there is a **2-level increase** as a victim was physically restrained.[2]

E. Pursuant to§ 2B3.1(b)(7)(E), there is a **4-level increase** for a loss value exceeding $1,500,000.[3]

F. There are no victim-related, role in the offense, obstruction, or multiple count adjustments.

G. A **3-level** downward adjustment is appropriate under§ 3E1.1 for acceptance of responsibility.

H. The total offense level would be **25.**[4]

I. Pursuant to§ 2K2.4(b), the guideline sentence for Count 2 is the **7-year (84-month)** minimum term of imprisonment required by statute.

J. Mr. Lara Del Taro's criminal history category is estimated as a Category I.

K. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

L. The advisory guidelines range of imprisonment resulting from an offense level

---

[1] The government believes Section 2B3.1(b)(3)(D) applies and that this should be a 3-Level increase for injury between bodily injury and serious bodily injury

[2] The government believes Section 2B3.1(b)(4)(a) applies and that this should be a 4-level increase because a victim was abducted.

[3] The government believes Section 2B3.1(b)(7)(F) applies and that this should be a 5-level increase for a loss value exceeding $3,000,000.

[4] The government believes that the total offense level is 29.

of **25** and a criminal history category of I is **57 to 71** months, plus **84 months consecutive** for Count 2, for a total of **141 to 155 months.**

M. Pursuant to guideline§ 5E1.2, the fine range for this offense would be $20,000 to $200,000, plus applicable interest and penalties.

N. Pursuant to guideline§ 5D1.2(a)(2), the term of supervision shall be at least two years but no more than five years.

Mr. Lara Del Toro understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines range (in length or form), within the advisory guidelines range, or above the advisory guidelines range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 5/5/26

Jesus Daniel Lara Del Toro
Defendant

5/5/26

Attorney for Defendant
Benjamin R. LaBranche